# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES** | **Case No.   19-CR-00147 (RC)** |
| v. | |
| **MUN CHOL MYONG,** | **Hearing Date: 4/5/2021** |
| Defendant. | |

## PROTECTIVE ORDER GOVERNING DISCOVERY

To expedite the flow of discovery material between the parties and adequately protect personal identity information entitled to be kept confidential, it is, pursuant to the Court's authority under Fed. R. Crim. P. 16(d)(1) and with the consent of the parties, ORDERED:

1. .The United States may produce materials containing personal identity information or other materials that are otherwise sensitive ("sensitive materials") to defense counsel, pursuant to the defendants' discovery requests. Examples of materials that the United States may designate as "Sensitive" pursuant to this Order include, but are not limited to:

   a. Personal identity information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure, as well as telephone numbers, email addresses, bank account numbers, and similar unique identifying information;
   b. Information regarding the government's confidential sources;
   c. Information that reflect the identification of co-defendants whose identity is not public;
   d. Information that may jeopardize witness security;
   e. Contact information for, photographs of, and private conversations with individuals that do not appear to be related to the criminal conduct in this case;
   f. Medical or mental health records;
   g. Sources and methods law-enforcement officials have used, and will continue to use, to investigate other criminal conduct related to the publicly filed charges;

Sensitive materials shall be plainly marked as "sensitive" by the United States prior to disclosure.

2. Sensitive materials provided by the United States in preparation for, or in connection with, any stage of this case that are marked "sensitive" are subject to this protective

2

order ("the Order") and may be used by the defendant and defense counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court. No representative or person connected officially, or unofficially, with the Democratic People's Republic of Korea ("DPRK Representative") can be a member of the defense team (as identified in the Protective Order).

3. The defendant and defense counsel shall not disclose sensitive materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the sensitive materials as necessary to prepare the defense, but they may not retain copies without prior permission of the Court. No DPRK Representative can be an authorized person without prior permission of the United States or the Court.

4. The defendant, defense counsel, and authorized persons shall not copy or reproduce the sensitive materials except in order to provide copies of the materials for use in connection with this case by defendant, defense counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials. The defendant, defense counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the sensitive materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

5. Before providing sensitive materials or information to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

6. Upon conclusion of all stages of this case, all of the sensitive materials and all copies made thereof (including any read and return material) shall be destroyed or returned to the United States, unless otherwise ordered by the Court. The Court may require a certification as to the disposition of any such materials.

7. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of the materials in judicial proceedings in this case, except as described below.

8. Absent prior permission from the Court, information marked as sensitive shall not be included in any public filing with the Court, and instead shall be submitted under seal (except if the defendant chooses to include in a public document sensitive information relating solely and directly to the defendant).

9. Sensitive materials must be maintained in the custody and control of defense counsel. Defense counsel may show sensitive materials to the defendant as necessary to assist in preparation of the defense, however, defense counsel may not provide a copy of sensitive materials to the defendant. Moreover, if defense counsel does show sensitive materials to the defendant, defense counsel may not allow the defendant to write down any personal identity information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure that is contained in the sensitive materials. If the defendant takes notes regarding sensitive materials, defense counsel must inspect those notes to ensure that the defendant has not copied down personal identity information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure.

10. The procedures for use of designated sensitive materials during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or

trial.  No party shall disclose designated confidential documents in open court without prior consideration by the Court.

11. The Clerk shall accept for filing under seal any filings so marked by the parties pursuant to this Order.

12. To the extent that any discovery materials are provided by the United States to the Defense by mistake, the United States has the right to request the return of the materials and will do so in writing.  Within seven days of such a request, the Defense will return all such materials if in hard copy, and in the case of electronic materials, will certify in writing that all copies of the specified materials have been deleted from any location in which the materials were stored.

## Scope of this Order

13. **Modification Permitted.**  Nothing in this Order shall prevent any party from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

14. **No Waiver**.  The failure by the United States to designate any materials as "sensitive" upon disclosure shall not constitute a waiver of the United States' ability to later designate the materials as sensitive.

15. **No Ruling on Discoverability or Admissibility**.  This Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

16. **Classified Materials to be Addressed Separately**.  This Order does not constitute a ruling that relates to the handling of classified information.  See generally 18 U.S.C. Appx. 3, Classified Information Procedures Act.

SO ORDERED this _____ day of April 2021.

                                                        _____
**THE HONORABLE RUDOLPH CONTRERAS**
**UNITED STATES DISTRICT JUDGE**