UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Crim. No. 19-00147 (RC) |
| | : | |
| **MUN CHOL MYONG,** | : | |
| | : | |
| **Defendant.** | : | |

GOVERNMENT'S MEMORANDUM
IN SUPPORT OF MOTION FOR PRETRIAL DETENTION

The United States of America, by undersigned counsel, hereby submits this Memorandum in Support of its Motion for Pretrial Detention of Defendant Mun Chol Myong under 18 U.S.C. § 3142(f)(2)(A). In support of this motion, the United States relies on the following points and authorities and such other points and authorities as may be cited at any hearing on this matter.

BACKGROUND AND STATEMENT OF FACTS

The defendant is a citizen of the Democratic People's Republic of Korea ("DPRK" or "North Korea") who worked for a Singapore-based trading company, Sinsar Trading Pte. Ltd. ("Sinsar"), and was affiliated with a DPRK intelligence service, the Reconnaissance General Bureau ("RGB"). The defendant resided in Singapore until on or around August 24, 2017, when Singapore's Ministry of Manpower revoked his employment pass because he had violated United Nations sanctions on North Korea. The defendant then relocated to Malaysia.

In both Singapore and Malaysia, the defendant participated in a conspiracy to use the U.S. financial system to procure goods and funds for North Korea in violation of U.S. and international sanctions. Specifically, the defendant and his co-conspirators made use of front companies, third party payments, falsified records, and other fraudulent means to deceive U.S. banks into executing illicit payments.

1

On May 2, 2019, a federal grand jury returned an indictment against the defendant, charging him with one count of money laundering conspiracy, in violation of 18 U.S.C. § 1956(h), and four counts of international promotion money laundering, in violation of 18 U.S.C. § 1956(a)(2)(A).  The defendant faces a maximum sentence of 20 years on each count.  On May 14, 2019, Malaysian authorities arrested the defendant pursuant to an extradition request from the United States.  The defendant then challenged his extradition in court for nearly two years.  After his final appeal was denied, the defendant was extradited to the United States and had an initial appearance in this Court on March 22, 2021.

The defendant has no known family or friends in the United States, nor does he have a job or access to funds.  In light of U.S. sanctions, it does not appear that the defendant could readily obtain employment, funding, or other means to support himself.  He has no known prior criminal history.

## APPLICABLE LAW

A defendant must be detained pending trial if the Court determines that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e).  For a detention decision based upon a defendant's dangerousness, the government must prove by clear and convincing evidence that there are no conditions or combination of conditions that will assure the safety of the community.  *See United States v. Smith*, 79 F.3d 1208, 1209 (D.C. Cir. 1996).  For a detention decision based upon risk of flight, the government only need prove by a preponderance of the evidence that there are no conditions or combinations of conditions that will assure the defendant's appearance as required.  *United States v. Vortis*, 785 F.2d 327, 328-29 (D.C. Cir. 1986) ("The standard of proof applicable to other kinds of pretrial proceedings is the preponderance of the

evidence and we find that to be the appropriate burden for establishing risk of flight."); *United States v. Xulam*, 84 F.3d 441, 442 (D.C. Cir. 1996) ("[W]hen the government seeks pretrial detention of an individual on the ground that he poses a risk of flight, the standard it must satisfy is a 'preponderance of the evidence.'"). Furthermore, at a detention hearing, the government may present evidence by way of a proffer. *United States v. Smith*, 79 F.3d 1208, 1209-10 (D.C. Cir. 1996).

In considering whether there are conditions of release that will reasonably assure the safety of any other person and the community and the appearance of the defendant as required, the Court should consider and weigh the following factors: (1) the nature and circumstances of the offense; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). As set forth more fully below, these factors weigh in favor of detaining the defendant.

**ARGUMENT**

**I.    The Defendant Should Be Detained Pending Trial Because He Poses a Substantial Risk of Flight.**

In light of the nature of the offenses and the evidence thereof, the substantial sentence the defendant could receive if convicted, the defendant's lack of community ties, employment, or means of support, and international interest in this case, pretrial detention is necessary to ensure that the defendant does not flee to evade prosecution.

**A.    The nature and circumstances of the offense**

The nature and circumstances of the offense weigh in favor of detention. The grand jury found probable cause that the defendant conspired and engaged in money laundering in order to promote bank fraud. As alleged in the indictment, the defendant used deceptive means to defraud

3

U.S. banks and defeat their anti-money laundering policies and procedures. Each money laundering charge potentially exposes the defendant to a significant term of imprisonment. Under 18 U.S.C. § 1956(a)(2)(A), the maximum term of imprisonment for international promotion money laundering is 20 years. Under 18 U.S.C. § 1956(h), the maximum term of imprisonment for conspiring to engage in international promotion money laundering is also 20 years. Although the actual sentence imposed is likely to be less than the statutory maximums, the level of criminal exposure in this case creates a significant incentive for the defendant to flee. *See, e.g.*, *United States v. Anderson*, 382 F. Supp. 2d 13, 15 (D.D.C. 2005) (citing "maximum penalty of 23 years" in support of detention).

### B.   The weight of the evidence against the defendant

The weight of the evidence against the defendant is strong. The defendant's own emails demonstrate that for numerous years he intentionally hid connections to North Korea and the involvement of sanctioned entities by altering shipping records and by using front companies and third-party payments. Those emails further demonstrate that the defendant's purpose in employing such methods was to deceive banks and avoid having funds seized by the U.S. government. Moreover, the supporting invoices, shipping records, and bank records corroborate the schemes outlined in the emails. The evidence also demonstrates that the defendant continued his illegal activities in Malaysia after being expelled from Singapore for violations of U.N. sanctions. The United States anticipates that witnesses will further corroborate the documentary evidence. The United States believes that, under these circumstances, the weight of the evidence favors detention.

### C.   The history and characteristics of the Defendant

The history and characteristics of the defendant strongly favor detention. The defendant is a citizen of North Korea who appears to have resided abroad for much of the past two decades,

and his principal means of employment during that time consisted of criminal activity. He was previously expelled from Singapore for sanctions violations, and committed his crimes in multiple countries, including China, Singapore, and Malaysia. The defendant resisted arrest by Malaysian authorities in this case, and subsequently contested his extradition to stand trial for the offenses charged in the Indictment for nearly two years. The defendant was detained by Malaysian courts pending extradition due to his risk of flight.

The defendant also lacks ties to this country that would make release appropriate. The defendant has few assets in the United States, he does not have any family or a residence in this country, nor does he have a job, any means of support, or known access to legitimate assets. In light of U.S. sanctions on North Korea and entities with which the defendant was affiliated, it appears highly unlikely that the defendant would be able to obtain legitimate funds. He also has been paroled into the United States solely for trial and would likely be ineligible for lawful employment if he were released. Moreover, he does not have known family, friends, or any other person who could provide supervision in the United States. The defendant has previously sought to avoid standing trial on these charges, and he appears to have substantial incentives to flee. Under 18 U.S.C. § 3142(g), there are no conditions of release that will reasonably assure the defendant's appearance.

### D. The nature and seriousness of the danger to any person or the community posed by the person's release

As alleged in the Indictment, the defendant has significant ties to the government of North Korea. The United States and North Korea have strained relations, and no formal diplomatic relations. Releasing a person with such foreign government connections, who could potentially be directed or controlled by that foreign government, into the community could pose a danger to the community. Although the United States does not have information that the defendant has any

such specific plans to harm the community, the government believes that this factor is otherwise neutral as to whether the defendant should be released pending trial.

## CONCLUSION

Weighing all the factors relevant to detention, the government respectfully submits that a preponderance of the evidence establishes that the defendant is a serious risk of flight and no conditions or combination of conditions will assure his appearance at future proceedings in this case. Accordingly, the United States respectfully requests that the Court grant the government's motion to detain the defendant pending trial.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
D.C. Bar No. 415793

By:   /s/ Michael P. Grady
Michael P. Grady
D.C. Bar No. 492947
Tejpal S. Chawla
D.C. Bar No. 464012
Assistant United States Attorneys
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C. 20530
Telephone: 202-252-7649
Email: michael.grady3@usdoj.gov