UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff; ) | |
| ) | |
| v. ) | Case No. 19-CR-00147 (RC) |
| ) | |
| MUN CHOL MYONG, ) | |
| ) | |
| Defendant. ) | |

MR. MYONG's MOTION FOR THE COURT TO ACCEPT AN *ALFLROD* PLEA

The parties are next scheduled to appear before the Court on August 4, 2022. For the reasons stated below, Mr. Myong respectfully requests that the Court allow Mr. Myong to withdraw his previously entered plea of not guilty and allow him to resolve the charges against him pursuant to *North Caroline v. Alford*, 400 U.S. 25, 91 S.Ct.160, 27 LE.d 162 (1970) . The government objects to this request.

*Procedural History*

Mr. Myong, a citizen of the Democratic People's Republic of North Korean ("DPRK"), was extradited to the United States to the United States on March 22, 2021. He was arrested on May 14, 2019, in Malaysia, and was held detained until his presentment in the District Court for the District on Columbia before the Hon. Magistrate Judge Harvey who ordered Mr. Myong's continued detention in custody. See, Electronic Case Filing Number 11.

Accused of laundering money through the United States financial system as part of a scheme to provide luxury items to the DPRK, the indictment alleges Mr. Myong defrauded banks and laundered money in an effort to evade counter-proliferation sanctions imposed on North Korea by the United States and the United Nations. See, Electronic Case Filing Numbers 5, 7.

Mr. Myong was arraigned on this indictment May 13, 2021. His arraignment was followed by voluminous discovery production which also contained classified information. After review of the discovery with his counsel, Mr. Myong seeks to resolve this case by proceeding to sentence by an "Alford" plea. For reasons it may state on the record, the government does not join in Mr. Myong's application.

*Case Law & Argument in Favor of an Alford Plea*

In *Untied States v. Cowser*, 7 Cr. 83 (D.D.C. 2002), this Court, over the government's objection, accepted an Alford plea from a defendant. Likewise, in *United States v. Morrow*, 914 F.2d 608 (4th Cir. 1990), Morrow pleaded guilty pursuant to *North Carolina v. Alford.* In *Alford,* the Supreme Court held that a defendant "may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." *Alford*, 400 U.S. 25, 37 (1970).

Such is the case here; acceptance of such a plea is within the discretion of the trial judge. *See Alford*, 400 U.S. at 38, n. 11.  This is especially the case as the proffered plea comports with the requirements outlined in Fed.R.Crim.P. 11. There is sufficient evidence to establish a factual basis for the plea pursuant to Fed.R.Crim.P. 11(f). Indeed, counsel for both parties agree that there is a factual basis for the plea, and the Court itself has wide discretion in determining that requirement. *See, e.g., United States v. Lumpkins*, 845 F.2d 1444, 1451 (7th Cir.1988) (it was within the judge's discretion to determine whether letters were written by the defendant within the statute of limitations period and could form the factual basis of an Alford plea); *United States v. Dayton,* 604 F.2d 931, 938 (5th

Cir.1979) (en banc) (district court need only be subjectively satisfied that there was a factual basis for acceptance of the plea; decision reviewed for an abuse of discretion), *cert. denied*, 445 U.S. 904 (1980).  For the reasons stated below, the Court should find good cause exists to proceed by an *Alford* plea. First, Mr. Myong has spent a lengthy period in jail; second his family circumstances, including his wife's illness and third his attorney's advice, all provide good reasons for the court to accept such a plea.

All told, Mr. Myong has spent more than three years in jail; first outside the United States in a detention facility in Malaysia and then detained at the D.C. Central Detention Facility.  The COVID-19 pandemic has been kind to no one, and particularly cruel to Mr. Myong who has been housed in a unit which has been quarantined at least three times. His time in detention has been plagued by lockdowns and conditions that the United States has deemed horrific. See, https://www.washingtonpost.com/local/public-safety/dc-jail-inmates-transferred/2021/11/02/b5255388-3be8-11ec-bfad-8283439871ec_story.html

Mr. Myong's detention has been made worse by the worry he feels day in and day out about his wife who was diagnosed with cancer and who is still receiving treatment. Both these are reasons why Mr. Myong urges the Court to allow him to proceed to sentencing by the process articulated in *Alford*.

Finally, an *Alford* would allow Mr. Myong to accept the advice and guidance provided to Mr. Myong by his counsel. Difficult as it has been to review discovery while detained, Mr. Myong has reviewed *both* the relevant discovery and other

information provided by the United States in his case.

In light of these considerations and other information provided to defense counsel about the potential trial exposure, as well as the strength of the government's case and the difficulty of mounting a defense at trial, Mr. Myong has decided to follow the advice of counsel so that he may be best situated to get the benefits of resolving his case without a trial. Proceeding in this manner would allow Mr. Myong's counsel the opportunity to garner for him a three-point acceptance of responsibility deduction and make at sentencing the appropriate arguments under 18 U.S.C. section 3553(a), for the court's leniency.

For these reasons, counsel requests the Court allow Mr. Myong to proceed to sentencing via an *Alford* plea.

        Respectfully submitted,

        A. J. Kramer
        Federal Public Defender for the District of Columbia

        /s/Michelle Peterson, Chief Ass'st Federal Public Defender
        625 Indiana Ave., N.W., Suite 550
        Washington, D.C. 20004
        (202) 208-7500, ext. 130

        Sabrina Shroff , Pro Bono Counsel
        80 Broad Street, 19th Floor
        New York, New York 10004

Dated: July 31, 2022