UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 19-cr-147 (RC) |
| | ) | |
| v. | ) | |
| | ) | |
| MUN CHOL MYONG, | ) | |
| | ) | |
| Defendant. | ) | |

**STIPULATED REQUEST FOR JUDICIAL REMOVAL OF DEFENDANT**

The Court finds, and the Defendant MUN CHOL MYONG, and the United States hereby agree and stipulate pursuant to 8 U.S.C. § 1228(c)(5) to, the following:

1. The defendant admits he is not a citizen or national of the United States.

2. The defendant is a native of North Korea and a citizen of North Korea.

3. The defendant entered the United States on or about March 22, 2021, after being extradited to the United States for criminal prosecution from Malaysia.

4. The defendant has now been convicted in the United States District Court for the District of Columbia for the offenses of laundering conspiracy, in violation of 18 U.S.C. § 1956(h), and four counts of international money laundering, in violation of 18 U.S.C. § 1956(a)(2)(A).

5. The defendant understands that a maximum sentence of each count is 20 years of incarceration, a maximum fine of $500,000 or twice the value of the property involved in the transactions, and a special assessment of $100 may be imposed for this offense.

6. The defendant is, and at sentencing will be, subject to removal from the United States pursuant to Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"), 8 U.S.C § 1182(a)(7)(A)(i)(I), as an alien not in possession of a valid unexpired

immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by law.

7. The defendant consents to the introduction of this statement as an exhibit in the record of his judicial removal proceedings. The defendant further agrees to make the judicial order of removal a public document, waiving his privacy rights, including any privacy rights that might exist under 8 C.F.R. § 208.6.

8. The defendant has waived his right to notice and a hearing under Section 238[(d)](c) of the INA, 8 U.S.C. § 1228[(d)](c), and his right, pursuant to Section 238[(d)](c)(2)(B) of the INA, 8 U.S.C. § 1228[(d)](c)(2)(B), to have the allegations served 30 days prior to sentencing.

9. The defendant concedes that he is subject to removal from the United States pursuant to Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"), 8 U.S.C § 1182(a)(7)(A)(i)(I), as an alien not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by law.

10. The defendant agrees to the entry of a stipulated judicial order of removal pursuant to Section 238[(d)](c)(5) of the INA, 8 U.S.C. § 1228[(d)](c)(5). He further acknowledges that he has not been persecuted in, and have no present fear of persecution in the Democratic People's Republic of Korea, the country of his nativity and/or citizenship, and he further acknowledges that he has not been tortured in, and have no present fear of torture in the Democratic People's Republic of Korea, the country of his nativity and/or citizenship.

11. The defendant agrees to assist the United States Immigration and Customs Enforcement ("ICE") in the execution of his removal to Democratic People's Republic of Korea or a

country deemed appropriate by the Department of Homeland Security – ICE under the controlling legal authorities. The defendant also agrees to assist in the procurement of any travel, identity, or any other documents necessary for his removal; to meet with and to cooperate with representatives of any country to which he may by statute be removed if ICE so requests; and to execute any forms, applications, or waivers needed to execute or expedite his removal. He further understands that his failure or refusal to assist ICE in the execution of his removal may be subject to criminal penalties under Section 243 of the INA, 8 U.S.C. § 1253.

12. The defendant acknowledges that the entry of this judicial order of removal renders him permanently inadmissible to the United States, and agrees not to enter, attempt to enter, or transit through the United States without first seeking and obtaining permission to do so from the Secretary of the Department of Homeland Security or other designated representative of the U.S. government.

13. After consultation with counsel and understanding the legal consequences of doing so, the defendant knowingly and voluntarily waives any and all rights to any and all forms of relief or protection from removal, deportation, or exclusion under the INA, as amended, and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: asylum; withholding of removal under Section 241(b)(3) of the INA, 8 U.S.C. § 1231(b)(3); any protection from removal pursuant to Article 3 of the United Nations Convention Against Torture, including withholding or deferral of removal under 8 C.F.R. §§ 208.16-17 and 1208.16-17, cancellation of removal; adjustment of status; registry; *de novo* review of a denial or revocation of temporary protected status (current or future); waivers under Sections 212(h) and 212(i) of the INA, 8 U.S.C. §§ 1182(h), 1182(i); visa petitions;

consular processing; voluntary departure or any other possible relief or protection from removal available under the Constitution, laws or treaty obligations of the United States.

14. After consultation with counsel and understanding the legal consequences of doing so, the defendant knowingly and voluntarily waives any right that he may have to receive notice of intent to request judicial removal and a charge containing factual allegations regarding the removal. The defendant understands and knowingly waives his right to a hearing before an immigration judge or any other authority under the Immigration and Nationality Act, on the question of his removability from the United States.

15. The Defendant further understands the rights he would possess in a contested administrative removal proceeding and waives these rights, including his right to examine the evidence against him, to present evidence on his behalf, and to cross-examine witnesses presented by the government. He understands these rights and waives further explanation by the Court.

16. The defendant MUN CHOL MYONG and the United States jointly request that the Court, after imposing sentence, order that the defendant be removed from the United States so that promptly upon his release from confinement (if any), United States Enforcement and Removal Operations may execute the order of removal according to the applicable laws and regulations.

WHEREFORE, IT IS HEREBY ORDERED, pursuant to Section 238[(d)](c) of the INA, 8 U.S.C. § 1228[(d)](c), that the defendant shall be removed from the United States promptly upon his release from confinement, and that the defendant be ordered removed to the Democratic People's Republic of Korea or a country deemed appropriate by the Department of Homeland

Security, United States Immigration and Customs Enforcement under the controlling legal authorities.

Dated: Washington, D.C.
January 27, 2023

_____
THE HONORABLE RUDOLPH CONTRERAS
UNITED STATES DISTRICT JUDGE

SO STIPULATED BY THE PARTIES.

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

_____
Tejpal S. Chawla
Assistant United States Attorney

_____
Shelli Peterson, Esq.
Attorney for MUN CHOL MYONG

### Defendant's Acceptance of Stipulated Request for Judicial Removal

I have read this stipulation or have had it read to me, and I have carefully reviewed every part of it with my attorney. I understand the terms of this stipulation and I voluntarily agree to those terms.

____1/20/2023____  x _____
Date                        Mun Chol Myong
                            Defendant

### Defense Counsel's Acknowledgment

I am the attorney for Mun Chol Myong. I have carefully discussed every part of this stipulation with my client. To the best of my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

____1/20/2023____  _____
Date                      Michelle Peterson
                          Counsel for the Defendant

6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------X

UNITED STATES OF AMERICA

v.

MUN CHOL MYONG                                    Case No. 19-cr-147-RC

Defendant.

---------------------------------X

## CONCURRENCE OF UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT

Based upon consideration of the applicable law and the defendant's statement, I hereby concur, on behalf of United States Immigration and Customs Enforcement, in the United States Attorney's request that a judicial order of removal be granted against the defendant.

Dated:     January 26, 2023

Ryan L. Spradlin
*Digitally signed by Ryan L. Spradlin*
*Date: 2023.01.26 14:43:05 -07'00'*

Ryan L. Spradlin
Special Agent in Charge
Homeland Security Investigations, Denver, Colorado
United States Immigration and Customs Enforcement